
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/12/08

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **TERRELL RICHARDSON**<br>Fed. Reg. No. 11412-035<br>VS.<br>**UNITED STATES OF AMERICA** | **DOCKET NO. 6:02-CR-60026-002**<br><br>**SECTION P**<br><br>**CHIEF JUDGE HAIK** |

### *MEMORANDUM ORDER*

On April 13, 2004, Terrell Richardson, a federal prisoner in the custody of the Bureau of Prisons who is incarcerated at the United States Penitentiary – Lee, Jonesville, Virginia, filed the instant collateral attack on his January 14, 2003 felony convictions[1] and the 141 months sentence imposed by this Court on July 18, 2003.

### *Background*

On June 12, 2002, the grand jury returned a three-count indictment against Richardson and five other co-defendants. [rec. doc. 1] On January 14, 2003 Richardson entered into a plea agreement and pled guilty to carjacking and use of a firearm during a crime of violence; the conspiracy count was dismissed. On July 18, 2003 Richardson was sentenced to consecutive sentences of 57 and 84 months. He did not appeal.

On April 13, 2004 he filed a pleading which he styled, "Petition/Application for Bill of Review in the Nature of a Collateral Attack to Vacate a Void Judgment." [rec. doc. 158] The pleading collaterally attacked his convictions and the sentences imposed by this court on the grounds that the indictment was void because (a) the United States "...is not competent to invoke

---

[1] Richardson was convicted of carjacking (18 U.S.C. §§ 2119 and 2) and use of a firearm during a crime of violence (18 U.S.C. §924(c)(1) and (2)).

a United States Court's p powers for criminal prosecutions..."; (b) "... the paper entitled 'Indictment' alleges no offense against the criminal laws of the United States..."; (c) "[t]he United States Attorney ... holds no power to act for [the United States] ..."; (d) "... 28 U.S.C. §501 limits operation of the United States Department of Justice to [the] Seat of Government ... [and] ... the acts complained of were not at [the] Seat of Government; (e) "... the United States Code is not verified law of the land..." Richardson also contended that the "Federal Government lacked federal legislative jurisdiction over the *locus in quo* ..." and that he was tricked and deceived by the court, the United States Attorney, and his attorney. He supported his pleading with a rambling 53-page handwritten brief and numerous pages of exhibits including, (a) excerpts from the Congressional Record of the 80th Congress (June 15, 1948 – June 19, 1948, Volume 94, Part 7; July 26, 1948 – December 31, 1948, Volume 94, Part 8) which, according to Richardson establish that Titles 3, 18, 21, and 28 "... are void, unconstitutional, [and] un-enacted..."; (b) correspondence from the Clerk of the House of Representatives, the Congressional Office of Law Revision Counsel, the General Accounting Office, and, the Office of the Federal Register, all of which, according to Richardson establish that Titles 18 -21 of the United States Code were "un-enacted."; (c) an "Affidavit of Specific Negative Averment, for the Record Non Negotiable, Bill of Exchange and Bill of Acceptance;" (the significance of which is unknown) and, (d) an "Affidavit of Truth." [see rec. doc. 158]

On April 20, 2004 the "Petition" was forwarded to the United States Attorney for consideration. [rec. doc. 159] On May 11, 2004 the government responded by filing an Answer and Memorandum in Support characterizing Richardson's pleading as a Motion to Vacate filed pursuant to 28 U.S.C. §2255. [rec. doc. 160]

2

On May 18, 2004 Richardson filed a "Memorandum in Response to U.S. Attorney's Memorandum to Motion to Vacate Set Aside or Correct Sentence under 28 U.S.C. §2255." Among other things, Richardson alleged, "... if this Honorable Court denies said 2255 would be usurpation ... This 2255 would indeed establish 'actual' innocence ... It would be 'frivolous' for the Court to deny said 2255 Motion... Consider my arguments if said 2255 is dismissed, movant request a Notice of Appeal to the Fifth Circuit Court of Appeals immediately..." [rec. doc. 161]

On June 1, 2004 Richardson filed a "For the Record, Non Negotiable Bill of Exchange and Bill of Acceptance..." purporting to be a challenge to the authority of the Court, the United States Attorney, and the Clerk of Court. [rec. doc. 162]

On May 2, 2005 Richardson filed a "Motion Pursuant to Rule (15) of the Federal Rules of Civil Procedure Amended and Supplemental Pleading's ..." wherein he specifically sought permission "... to amend his 18 U.S.C. §2255 Motion that is pending before this Honorable Court..." Therein Richardson argued an additional claim, "That his guideline sentence was imposed in violation of his Sixth Amendment Right." Richardson also claimed that he was actually innocent of the sentence enhancement, and, again argued the invalidity of the indictment because the enhancement features of the statute were not alleged. [rec. doc. 163]

On October 23, 2006 Richardson corresponded with the court requesting information on his "2255 Motion" and requesting a copy of the plea agreement and the factual basis for his guilty plea. [rec. doc. 174]

Finally, on June 11, 2007, Richardson filed a "Motion for the Production of Sentencing Transcript and/or Motion to Proceed *in Forma Pauperis*..." [rec. doc. 175]

*Law and Analysis*

## *1. Construction of Richardson's Pleading*

Richardson's original post-conviction pleading [rec. doc. 158] did not explicitly state that he sought relief pursuant to 28 U.S.C. §2255; and, of course, the pleading was not presented on the §2255 form supplied to federal prisoners by the court. However, the pleading's title noted that it was intended by its author to be a "Collateral Attack to Vacate a Void Judgment" and, any doubt as to whether the pleading should be characterized as a Motion to Vacate pursuant to 28 U.S.C. §2255 was resolved by subsequent pleadings and correspondence submitted by Richardson which, as shown above, make explicit reference to §2255. [see rec. docs. 161, 163 and 174] Accordingly, Richardson's original pleading shall be construed as a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

## *2. Scope of Review*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The § 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v.*

*Placente*, 81 F.3d 555, 558 (5th Cir.1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal, federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). A defendant may not raise a Constitutional issue for the first time on collateral review without showing both cause for his procedural default, actual prejudice resulting from the error, or "actual innocence" that would render the showing of cause and prejudice unnecessary. *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir.1995), citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992); See also *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir.1991). Moreover, a prisoner who shows only the possibility of prejudice without demonstrating cause for his failure to raise the error at trial or on direct appeal, may not obtain collateral relief under § 2255. *United States v. Shaid*, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the

petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986).

### *3. Richardson's Claims for Relief*

Richardson's collateral attack is based on his assertion that the indictment under which he was prosecuted was void because (a) the United States "...is not competent to invoke a United States Court's powers for criminal prosecutions..."; (b) "... the paper entitled 'Indictment' alleges no offense against the criminal laws of the United States..."; (c) "[t]he United States Attorney ... holds no power to act for [the United States] ..."; (d) "... 28 U.S.C. §501 limits operation of the United States Department of Justice to [the] Seat of Government ... [and] ... the acts complained of were not at [the] Seat of Government; (e) "... the United States Code is not verified law of the land..." Richardson also contends that the "... Federal Government lacked federal legislative jurisdiction over the *locus in quo* ..." and that he was tricked and deceived by the court, the United States Attorney, and his attorney.

These claims border on the fanciful. Violations of Federal criminal law are brought in the name of the United States; Richardson's indictment charged violations of 18 U.S.C. §§ 371 and 2119, 2119 and 2, and 924(c)(1) [see rec. doc. 1]; the United States Attorney is empowered to prosecute violations of criminal law occurring within the geographical jurisdiction of the judicial

6

district [see 28 U.S.C. §547(1)]; 28 U.S.C. §501 does not limit the operation of the Department of Justice; and, the United States Code is the law of the land [see 1 U.S.C. §204].

Nevertheless, all of these claims, including Richardson's implied claim of ineffective assistance of counsel, could have been raised on appeal, but were not. Since Richardson has shown neither cause nor prejudice for this default, the claims are subject to dismissal.[2]

As noted above, while Richardson's motion was pending, he filed a "Motion Pursuant to Rule (15) of the Federal Rules of Civil Procedure Amended and Supplemental Pleading's ..." wherein he specifically sought permission "... to amend his 18 U.S.C. §2255 Motion that is pending before this Honorable Court..." to argue an additional claim, namely, "That his guideline sentence was imposed in violation of his Sixth Amendment Right." Richardson also claimed that he was actually innocent of the sentence enhancement, and, again argued the invalidity of the indictment because the enhancement features of the statute were not alleged. [rec. doc. 163]

Richardson argued that U.S.S.G. 2B3.1(b)(3)(a), 2B3.1(b)(5), and 2B3.1(b)(7)(c) set a new base offense level and operated to enhance the penalty for the offenses in direct violation of his Sixth Amendment Right because the facts supporting the increase were not admitted by him. He is mistaken. At the time he was sentenced, U.S.S.G. 2B3.1(b)(3)(a) provided for a 2 level

---

[2] Of course, even if Richardson could make a showing of cause, his claims would still be subject to dismissal because he cannot show actual prejudice as required by the jurisprudence. As shown above, even if he had raised these claims on direct appeal, they would have been subject to dismissal because they are manifestly absurd.

Further, Richardson cannot rely on the "miscarriage of justice" exception because in pleading guilty he admitted his guilt under oath. To establish actual innocence, so as to in turn establish that a miscarriage of justice would result if the claim was not considered, a petitioner must demonstrate that, " 'in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."Actual innocence" in this regard refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-624, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998).

increase if "... any victim sustained bodily injury..."; 2B3.1(b)(5) provided for a 2 level increase if "... the offense involved carjacking..."; and, 2B3.1(b)(7)(c) similarly provided for a 2 level increase based upon the amount of the victims' loss. Contrary to his assertion, Richardson admitted to all of these facts when he entered his negotiated plea bargain. [see rec. doc. 118, 119, 120, 121][3]

Thus, Richardson's reliance on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) is misplaced and his proposed amended motion is without a basis in fact or law.

## 4. Outstanding Motions

On October 23, 2006 Richardson corresponded with the court requesting information on his "2255 Motion" and requesting a copy of the plea agreement and the factual basis for his guilty plea. [rec. doc. 174] Then, on June 11, 2007, Richardson filed a "Motion for the Production of Sentencing Transcript and/or Motion to Proceed *in Forma Pauperis*..." [rec. doc. 175] Richardson is not entitled to a free copy of the sentencing transcript "solely because he is indigent or because he desires to prepare a petition seeking collateral relief." *United States v. Watson*, 61 Fed. App'x 919 (5th Cir.2003) (citing *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir.1973); *United States v. MacCollom*, 426 U.S. 317, 324-25, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666, 674-75 (1976)). Rather, he "is required to demonstrate that the transcript is necessary for the proper disposition of his claims." *Id.* (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir.1985)). Richardson claims that he has need of the transcript because "... with a copy of his sentencing transcript the Movant can by all means legally demonstrate the intricacies that lurks in

---

[3] In any event, Richardson, who bears the burden of proof, has provided no evidence to support his claim.

his sentencing." However, such an allegation is hardly a demonstration that the transcript is necessary for the disposition of his claims. In fact, as shown above, Richardson's claims are manifestly frivolous. Furthermore, petitioner "is not entitled to conduct a 'fishing expedition' to locate possible errors." *Id.* (citing *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir.1982))

## 5. Conclusion and Order

Therefore, and for the foregoing reasons,

Richardson's Motion to Amend [rec. doc. 163] is **GRANTED,** and, as is shown above and hereinafter, the merits of his proposed amended Motion to Vacate have been considered.

**IT IS ORDERED** that Richardson's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 [rec. docs. 158, 161, and 162] and his amended Motion to Vacate [rec. doc. 163] be and they are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Richardson's Motions for Documents and Transcripts [rec. docs. 174 and 175] be **DENIED**; and, finally,

**IT IS FURTHER ORDERED** that any and all other outstanding Motions/Pleadings or submissions by Richardson which may have been erroneously characterized [rec. docs. 161 and 162] be **DENIED.**

In Chambers, Lafayette, Louisiana ___September 8___, 2008.

_____
RICHARD T. HAIK, SR.
CHIEF JUDGE